# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| MARGARET MALLORY HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU6-21-001221 |
| | ) | |
| WILLIAM AUSTIN, | ) | |
| CAROLE SIEBER and | ) | |
| LEWES REALTY, INC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: April 8, 2024
Decided:  July 12, 2024

Emery A. Abdel-Latif, Esquire
Gonser & Gonser, P.A.
3411 Silverside Road
Springer Bldg., Suite 203
Wilmington, DE 19810
*Attorney for Plaintiff*

William Austin
5170 Rhodesdale Eldorado Road
Rhodesdale, MD 21659
Defendant, *Pro Se*

## DECISION AFTER TRIAL

Margaret Mallory Hodges. ("Plaintiff") brought this action against William Austin, Carole Seiber and Lewes Realty, Inc. ("Defendants"), through her legal counsel, for a breach of contract seeking restitution and damages regarding a rental agreement. The Court held a trial on April 8, 2024, and reserved its decision. The Court finds by a preponderance of the evidence Plaintiff has met her burden that Defendants breached the contract and are liable joint and severally for a portion of the damages claimed.

**MIMS, J.**

Plaintiff testified on her own behalf. Plaintiff seeks judgment in the amount of $12,999 due to Defendants' breach of a short-term residential lease agreement. Plaintiff seeks restitution for the rent Defendant's failed to return in the amount of $4,345 and unexpected housing costs, lost wages, stipends and per diem from July 10, 2021, through July 26, 2021. Plaintiff entered the following documents into evidence: a residential rental agreement, a voided check and payment affirmation, photographs, Plaintiff's contract with Beebe Medical Center and Plaintiff's contract with St. Joseph's Hospital and Medical Center.[1]

William Austin ("Defendant") testified on his own behalf and submitted no documentary evidence. Defendant testified he rented his townhome to Plaintiff through Carole Sieber ("Defendant") and her real estate agency Lewes Realty, Inc ("Defendant"). Defendant testified he used the real estate agency to rent out his house prior to Plaintiff and there is a record of a separate basement unit that is occupied.

## PROCEDURAL HISTORY

On November 15, 2021, Plaintiff filed a claim against Defendant for breach of contract and a claim against Carole Sieber ("Sieber") and Lewes Realty ("Lewes Realty") ("Defendants" collectively) for fraud in the inducement. Plaintiff asserts she resides in the State of Louisiana.[2] Plaintiff asserts Defendant resides in Sussex County Delaware at 119 Quaker Road, Lewes, DE 19958.[3] Plaintiff asserts Sieber is a real estate agent whose principal place of business, Lewes Realty is in Sussex County located at 418 E. Savannah Road, Lewes, DE 19958.[4] Plaintiff asserts she entered into a contract with Lewes Realty to rent a house near Beebe Medical Center owned

---

[1] Plaintiff's Exhibits 1-4.
[2] Complaint ¶ 1.
[3] Complaint ¶ 2.
[4] Complaint ¶¶ 3-4.

by Defendant located at 119 Quaker Road, Lewes, DE. ("Rental Property").[5] Plaintiff arranged a temporary engagement with Beebe Hospital in the ordinary course of her work as at traveling nurse and needed temporary housing.[6]

Plaintiff asserts at the end of April 2021, prior to Plaintiff signing the contract, Sieber told Plaintiff she could not visit the rental property because Defendant had not packed his belongings and vacated the rental property.[7] Plaintiff asserts she relied on Sieber's representations and provided a check for the deposit.[8] Plaintiff signed the contract on her own behalf and Seiber signed on behalf of Lewes Realty, with Plaintiff paying the entire amount of the contract $5,345 (including the $1,000 security deposit) in advance by check.[9] Plaintiff states she moved in on the date specified in the contract, May 23, 2021, and learned for the first time that a portion of the rental property was dedicated for the use of a pre-existing occupant.[10] Specifically, Plaintiff asserts the occupied unit had a doorway that entered what would have been Plaintiff's bedroom and the occupant controlled the access through this doorway.[11]

Plaintiff asserts she never consented to such an arrangement and never moved into the rental property.[12] Plaintiff asserts she confronted Sieber, who claimed to not know there was another occupant at the rental property, and Sieber agreed to void the contract.[13] Plaintiff offers that Sieber handwrote the word "void" on the contract – consistent with the contract's language

---

[5] Complaint ¶ 6.
[6] Complaint ¶ 5.
[7] Complaint ¶ 7.
[8] Complaint ¶ 8.
[9] Complaint ¶¶ 9-10.
[10] Complaint ¶¶ 11 -12.
[11] *Id.*
[12] Complaint ¶ 13.
[13] Complaint ¶ 14.

stating "at any time prior to check-in either party can cancel the agreement for any reason, without liability to either Owner/Agent or Occupant and at that time all funds paid will be refunded to the occupant.[14] Plaintiff states only the $1,000 deposit was returned and Sieber ignored Plaintiff's attempt to recover the remaining funds.[15] Plaintiff asserts Defendant rebuffed all of Plaintiff's attempts to recover her money for the rental property.[16]

Plaintiff asserts she could not continue with a planned extension of her position at Beebe Medical Center due to difficulties securing housing which is a direct and proximate result of Defendants' misconduct.[17] Plaintiff finally secured employment on July 26, 2021 in Phoenix, Arizona after being unemployed July 11, 2021 through July 25, 2021.[18] Plaintiff seeks from Defendant the $4,345 rent that was not refunded and recovery for damages of $7,654 in unexpected housing costs, lost wages, stipends and per diem compensation for the period of July 10, 2021 through July 26, 2021, attorney's fees and court costs.[19] Plaintiff seeks from Seiber and Lewes Realty the costs of substitute housing during the contract term, the lost wages from the contract extension with Beebe Medical Center that Plaintiff had to cancel, plus housing and other stipends as well as attorney's fees and court costs.[20]

On April 18, 2022, Plaintiff filed a Motion for Default Judgment against the Defendants. On June 28, 2022, the Court held a motion hearing. Plaintiff and Defendant appeared, while Sieber and Lewes Realty failed to appear. Commissioner Bucklin entered a default judgment against

---

[14] Complaint ¶ 14.
[15] Complaint ¶ 16.
[16] Complaint ¶ 17.
[17] Complaint ¶ 18.
[18] Complaint ¶ 19.
[19] Complaint ¶¶ 25-27.
[20] Complaint ¶ 31.

4

Sieber and Lewes Realty in the amount of $11,999.[21] Commissioner Bucklin directed Defendant to file an Answer within 20 days. On July 13, 2022, Defendant filed an Answer where he denies living at the property, admits Plaintiff paid a deposit, admits he did not return Plaintiff's rental money, denies breaching any contractual obligation and admits the contract Plaintiff signed fails to mention another occupant at the rental property. Additionally, Defendant asserts he did not know about any of Plaintiff's other allegations.

On October 3, 2022, this honorable Court accepted Commissioner Bucklin's Findings of Fact and Recommendation to grant default judgment against Sieber and Lewes Realty after they failed to file any objections. On January 24, 2023, Plaintiff filed a Motion to Compel against Defendant. On March 21, 2023, the Court held a motion hearing and Defendant failed to appear. Commissioner Bucklin held Defendant may not present any evidence past the date of the hearing. The Court continued the trial for August 21, 2023, and rescheduled for a trial date of April 8, 2024. On April 8, 2024, the Court left the default against Sieber and Lewes Realty in place, however vacated the amount pending the trial testimony and documentary evidence.

## FACTS

After hearing testimony at trial, the Court finds the relevant facts to be as follows:

Plaintiff works as a traveling nurse through Medical Solutions, LLC, a staffing agency who posts openings around the country. Plaintiff worked as an Intensive Care Unit ("ICU") nurse on a temporary assignment with Beebe Medical Center. Plaintiff planned to be in the area for about three months. Plaintiff signed a contract with Lewes Realty, brokered by Sieber, when she arrived

---

[21] Commissioner Bucklin entered the amount without any testimony or an Inquisition hearing. In addition, it was not ordered to be joint and several.

in Delaware to rent a place to live.[22] Once that agreement expired, Plaintiff made another rental reservation on March 22, 2021, for Defendant's residence at 119 Quaker, Lewes, DE from check-in on May 23, 2021, until check-out on June 20, 2021. On March 22, 2021 Seiber signed the contract while Plaintiff signed on April 29, 2021.[23] Plaintiff paid $5,345, the entire amount for the rental, plus the $1,000 security deposit, by check dated April 29, 2021.[24]

Prior to Plaintiff's arrival for check-in on May 23, 2021, she never saw or inspected Defendant's residence. On arrival, Plaintiff saw a car in the driveway,[25] lights on in the house and a woman who stated she rented a room in Defendant's residence. Plaintiff's mother entered the residence and walked up to the master bedroom where she observed a door connected to the other occupant's unit with a lock on the door on the occupant's side.[26] Plaintiff contacted Seiber immediately and left voicemail messages at Lewes Realty and the emergency number. The contract states in paragraph number one: "It is agreed that the rental premises will be used by Occupants solely as a private dwelling for Occupant, his family and guests."[27] Plaintiff, afraid to stay in the premises, went to Lewes Realty the next business day.

Seiber agreed to cancel the rental per the contract that states: "At any time prior to check-in both Owner and Lewes Realty Agent(s) can cancel this agreement for any reason, without liability to either Owner/Agent or Occupant."[28] Seiber wrote "void" on the reservation contract and initialed it and noted that she returned the $1,000 security deposit on May 25, 2021 to

---

[22] Plaintiff failed to enter the original complete contract into evidence.
[23] Plaintiff's Exhibit No. 1.
[24] *Id.*
[25] Plaintiff's Exhibit No. 2.
[26] *Id.*
[27] Plaintiff's Exhibit No. 1.
[28] *Id.*

Plaintiff.[29] Defendant cashed Plaintiff's check and refused to return the remaining $4,345 for the remaining rental amount. Subsequently, Plaintiff rented a room from a friend of her mother for $500 per month for a total of $1,000. Plaintiff stated the commute time was 40 minutes and she did not want to continue to live with someone. Plaintiff planned to extend her employment contract with Beebe Medical Center for a 7-week period beginning July 11, 2021, through August 28, 2021.[30] The extension would pay plaintiff $33.35 an hour, $86.14 an hour for overtime/holiday pay with a guaranteed 36/48 rotation.[31] In addition, Plaintiff would have a $61 per day meal/incidental allowance and a $200 per day housing allowance.[32] Due to the housing situation with Lewes Realty, Plaintiff was unable to complete the extension.

Plaintiff, unemployed from July 10, 2021, until July 26, 2021, retained a new assignment with St. Joseph's Hospital and Medical Center from July 26, 2021, until October 23, 2021.[33] Plaintiff requests this honorable Court grant her $12,499. This amount includes the $4,345 rent, $7,654 for the salary she would have receive during the extension at Beebe, as well as $690 for the overtime/holiday pay and the $1,000 for rent for the substitute housing for the contract with Lewes Realty for Defendant's house.

Defendant admits a co-tenant occupied the garage apartment at the rental property. Defendant asserts this is considered a separate unit and is on file with the local Planning and Zoning Commission. Defendant rented out his house for the Summer through Lewes Realty, who brokered the agreement with the occupant. Defendant stated the connecting door to the garage

---

[29] *Id.*
[30] Plaintiff's Exhibit No. 3.
[31] *Id.*
[32] *Id.*
[33] Plaintiff's Exhibit No. 4.

apartment is an emergency fire door and the box on the door is an alarm. Seiber provided Plaintiff's rent to Defendant with no restrictions, and he paid bills with the money. Seiber returned stating she needed the rent money back and he told Sieber it was spent. Defendant stated Lewes Realty no longer exists and no one can get in contact with Sieber. Defendant asserts he is not liable for Plaintiff's lost wages as the lease agreement was from May 23, 2021, until June 20, 2021. Sieber procured another renter for the subsequent time period at the rental property. Plaintiff stated she planned to stay a second month, however Sieber failed to renegotiate a subsequent contract and did not accept any payment from Plaintiff for the second month.

## PARTIES CONTENTIONS

Plaintiff asserts Defendant breached his contractual obligations by failing to refund Plaintiff's money after the contract was voided by Seiber, Defendant's agent. The contract described the property as 119 Quaker Road with no indication another person would reside in the rental property with Plaintiff. Plaintiff states she never agreed, in writing or orally, to the occupant at the rental property, nor was she aware there was an occupant. Sieber agreed to void the contract, and Defendant was bound by Sieber's actions within the scope of Sieber's agency. Plaintiff asserts Sieber knew of the presence of the occupant at the rental property and concealed this information from Plaintiff to secure her signature on the contract and her money. Sieber made a false statement when she told Plaintiff she could not see the rental property prior to check-in due to Defendant still residing there and packing his things. Sieber denied Plaintiff key knowledge necessary to make an informed decision about whether to lease the rental property from Defendant due to Sieber's deception about the rental property.

Defendant admits the contract did not mention the separate garage apartment occupied by the co-tenant. Defendant maintains Lewes Realty knew about the unit, which is considered

8

separate under Planning and Zoning guidelines, and Lewes Realty placed the occupant in the unit. Defendant contends he had the door from the garage unit into the main bedroom installed as a fire door. Defendant states a prior occupant of the garage unit passed away and it was difficult to gain entry. Defendant installed an alarm on the door should it be opened from the garage unit side. Defendant states Sieber gave him the full rent and he spent the money on bills. Defendant asserts Sieber never told him to hold the funds in escrow. Sieber returned asking for the spent money and advised Defendant she would repay Plaintiff from the rent forthcoming from Plaintiff's replacement. Defendant asserts he should not be responsible for Plaintiff's missed employment opportunity as that was not during the timeframe in the contract.

## STANDARD OF REVIEW

The Court is the trier of facts and has the sole discretion to determine the credibility of the witnesses and any evidence provided.[34] If there is conflicting evidence presented at trial, the Court has to reconcile these conflicts – if reasonably possible – in order to find congruity.[35] However, if the Court is unable to find such congruity, the Court must determine which portions of the testimony deserve more weight.[36] Any portion of the testimony which the Court finds unsuitable for consideration must be disregarded.[37] The Court considers "the witnesses' demeanor, or the fairness and descriptiveness of their testimony, their ability to personally witness or know the facts about which they testify, and any biases or interests they may have concerning the nature of the case."[38]

---

[34] *Leep v. Weline*, 2018 WL 301089, *5 (Del. Com. Pl. Jan. 3, 2018).
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.*

## DISCUSSION

Plaintiff claims Defendant, Seiber and Lewes Realty, individually and collectively, breached the rental contract for Plaintiff to lease Defendant's house located at 119 Quaker Road, Lewes, DE 19958. Plaintiff, in Count I of her complaint, brings forth a breach of contract claim against Defendant. In civil claims, the party asserting the claim bears the burden of proving each and every element of the claim by a preponderance of the evidence.[39] The side of the greater weight of the evidence is found is the side on which the preponderance of the evidence lies.[40] If the evidence is in even balance, then the party bearing the burden of proving a fact by a preponderance of the evidence has failed to satisfy the burden.[41] "To adequately plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) that the contract was breached; and (3) damages suffered as a result of the breach."[42] "Each element must be supported by specific factual allegations; conclusory statements are insufficient."[43] "Additionally, generally referring to a contract will not sustain a claim."[44] "A party must identify the particular contractual terms that were breached."[45]

The Court finds Plaintiff met her burden by a preponderance of the evidence Defendant breached the contract to rent his residence. Plaintiff entered into a contract with Lewes Realty, with Sieber acting as Defendant's agent. Defendant serves as a third-party beneficiary to the

---

[39] *Sullo v. Kousournas*, 2010 WL 718666, at *6 (Del. Super. Feb. 3, 2010).
[40] *Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967).
[41] *Fletcher v. Shahan*, 2002 WL 499883, at *3 (Del. Super. March 6, 2002).
[42] *Travelers Casualty & Surety Co. of America v. Blackbaud, Inc.*, 2024 WL 1298762, at *9 (Del. Super. March 27, 2024).
[43] *Id.*
[44] *Id.*
[45] *Id.*

10

contract.[46] Sieber failed to notify Plaintiff of a second unit within the residence occupied by a co-tenant in the Lewes Realty contract or orally by phone. The Court finds this is a material element of the living arrangement and a breach of the contract. The contract listed the residence as 119 Quaker Road and the residence was to be occupied by Plaintiff, as the occupant, and her family and guests. Defendant admitted the separate garage unit and occupant were not listed in the contract. Plaintiff learned of the garage unit and occupant at check-in and immediately felt unsafe at the door connecting the two units through Plaintiff's master bedroom.

Sieber, acting as Defendant's agent, wrote "void" on the rental reservation contract and initialed it. Also, Sieber noted in writing she refunded Plaintiff's security deposit of $1000 dated May 25, 2021. Neither Defendant nor Sieber refunded the remaining rent amount of $4,345. Plaintiff found temporary housing with a friend of her mother for $500 per month for a total of $1,000. The Court holds Plaintiff is entitled to the full refund and the subsequent temporary housing cost.[47] The Court finds Plaintiff has not met her burden for damages from Plaintiff's inability to extend her Beebe Medical Center employment contract from July 11, 2021 until August 28, 2021 losing an estimated $7,654 in lost wages. Plaintiff contracted with Lewes Realty to exit Defendant's residence at check-out on June 20, 2021. While Plaintiff may have discussed with Sieber an extension of her contract for Defendant's residence, that was never memorialized in a written contract or extension of the original contract. The Court holds Plaintiff's damages fall outside the time of the contract with Lewes Realty. The Court will not extend Plaintiff's rights that far into a speculative period in the future.

---

[46] "Under general contract principles, in order for there to be a third-party beneficiary, the parties to the contract must have intended to confer a benefit." *Willis v. City of Rehoboth Beach, et al.,* 2004 WL 2419143 at * 2, (Del. Super. October 14, 2004.).

[47] Prior to trial, the Court granted a default judgment against both Sieber and Lewes Realty.

Plaintiff, in Count II of her complaint, brings forth a claim of Fraud in the Inducement against Sieber and Lewes Realty. "Under Delaware law breach of contract claims cannot be bootstrapped into fraud claims."[48] "A plaintiff is not permitted to recover identical damages for fraud and breach of contract."[49] "However, this is not to say that a plaintiff can never bring claims for both fraud and breach of contract; these claims can co-exist so long as the damages are sufficiently distinct."[50] "Thus, the anti-bootstrapping rule does not prevent parties from bringing a fraud claim if: (1) the plaintiff alleges the seller knowingly made false contractual representations; (2) damages for plaintiff's fraud claim may be different from plaintiff's breach of contract claim; (3) the conduct occurs prior to the execution of the contract and thus with the goal of inducing the plaintiff's signature and willingness to close on the transaction; or (4) the breach of contract claim is not well-pled such that there is no breach claim on which to bootstrap the fraud claim."[51]

The Court hold Plaintiff fails to meet her burden by a preponderance of the evidence that either Sieber or Lewes Realty committed fraud to induce Plaintiff to sign the rental agreement for Defendant's residence. Plaintiff seeks the cost of the substitute housing during the Lewes Realty contract term and the lost wages from the Beebe Medical Center employment contract extension. While Sieber convinced Plaintiff she could not inspect Defendant's residence prior to check-in due to a fact that was untrue and failed to mention the separate garage unit with the occupant, the Court finds there are not enough facts in the record to state Sieber knowingly made false allegations as a ruse to get Plaintiff to sign the rental contract. Prior to the contract at issue, Plaintiff contracted

---

[48] *River Valley Ingredients, LLC et al., v. American Proteins, Inc. et al.*, 2021 WL 598539, at *7 (Del. Super. Feb. 4, 2021).
[49] *Id.*
[50] *Id.*
[51] *Coventure – Burt Credit Opportunities GP, LLC v. Coleman et al.*, 2023 WL 7179488 at *7 (Del. Super. Nov. 1, 2023).

12

with Lewes Realty through Sieber to rent another property with no problems. Plaintiff pleads many of the same allegations and the same damages in the breach of contract claim with Defendant. The Court holds Plaintiff cannot bootstrap a fraud claim onto an already well-pled breach of contract claim.

## CONCLUSION

For the reasons set forth in this Opinion, **IT IS SO ORDERED** this 12th day of July 2024 the Court finds, by a preponderance of evidence that Plaintiff provided sufficient evidence Defendant, Sieber and Lewes Realty breached the rental contract for Defendant's residence. This honorable Court enters judgment in favor of Plaintiff for the refund of the rent paid in the amount $4,345, the cost of substitute housing during the contract period in the amount of $1,000, reasonable attorney's fees, court costs, pre- and post-judgment interest joint and severally against William Austin, Carole Sieber and Lewes Realty, Inc.

The Honorable Rae M. Mims
Judge

Cc:  Shelly Swafford, Judicial Case Manager Supervisor

13